United States District Court
Southern District of Texas
**ENTERED**
December 07, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOEL G. RAMIREZ, #00727127, a/k/a JOEL GANDARIA RAMIREZ, §§§§§ *Plaintiff*, §§ v. §§ TEXAS BOARD OF PARDONS AND PAROLES, *et al.*, §§§§ *Defendants*. § | Civil Action No. H-22-3914 |

**MEMORANDUM OPINION AND ORDER**

Joel G. Ramirez, a/k/a Joel Gandaria Ramirez, TDCJ-CID #00727127, filed this *pro se* civil lawsuit under 42 U.S.C. § 1983 against the Texas Board of Pardons and Paroles ("the Board") and two unknown members of the Board panel, John Doe and Jane Doe, in their individual capacities (the "Doe Defendants"). He proceeds *in forma pauperis*.

Having screened the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

Plaintiff was convicted of aggravated sexual assault of a child and aggravated kidnapping in 1996 and sentenced to consecutive thirty-five-year and twenty-year terms of incarceration. Public online records for the Texas Department of Criminal Justice show that plaintiff became eligible for parole in March 2022, and that he was denied parole on June 24, 2022. Plaintiff claims that the defendants voted to deny him parole because he was a

Mexican citizen, which violated his constitutional rights. As judicial relief, he seeks declaratory relief, unspecified injunctive relief, nominal damages, and $300 million in punitive damages from the defendants.

## II. ANALYSIS

### A. Denial of Parole

Plaintiff claims that the defendants violated his due process rights by refusing to release him to parole. It is well established that the Texas parole statutes create no right to release on parole because "parole is within the total and unfettered discretion of the State," and thus "there is no right or constitutional expectancy of early release on parole in Texas." *See Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). In short, petitioner has no protected liberty interest in parole. *See Toney v. Owens*, 779 F.3d 330, 342 (5th Cir. 2015); *see also Stout v. Stephens*, 856 F. App'x 558 (5th Cir. 2021) (holding that Texas law and regulations do not create a protected liberty interest in parole, so inmates cannot challenge any parole review procedures on procedural or substantive due process grounds). Plaintiff in this case enjoyed no protected liberty interest in release to parole, and the denial of parole did not impinge on his due process rights.

Plaintiff's due process claim predicated on the denial of parole is **DISMISSED WITH PREJUDICE** for failure to raise a viable claim for relief.

B. <u>Equal Protection</u>

Plaintiff alleges that the Board denied him parole because he is a Mexican citizen. No supporting facts are pleaded. Given a liberal construction, plaintiff's allegation attempts to raise a claim for denial of equal protection.

Plaintiff's equal protection claim is conclusory and fails to raise a colorable claim for relief. He pleads no objective factual allegations demonstrating that the Board "intentionally discriminated against him because of membership in a protected class" or that he was "intentionally treated differently from others similarly situated and that there [wa]s no rational basis for the difference in treatment." *Gibson v. Tex. Dep't of Ins.—Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012) (citation omitted). Plaintiff's personal belief or suspicion that he was denied parole solely due to his nationality will not support an equal protection claim. *See Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983) (holding that a plaintiff's subjective belief of discrimination, however genuine, cannot form the basis for judicial relief). To the contrary, public online records for the Texas Department of Criminal Justice show that plaintiff was denied parole for the following reasons:

> 2D NATURE OF OFFENSE - THE RECORD INDICATES THE INSTANT OFFENSE HAS ELEMENTS OF BRUTALITY, VIOLENCE, ASSAULTIVE BEHAVIOR, OR CONSCIOUS SELECTION OF VICTIM'S VULNERABILITY INDICATING A CONSCIOUS DISREGARD FOR THE LIVES, SAFETY, OR PROPERTY OF OTHERS, SUCH THAT THE OFFENDER POSES A CONTINUING THREAT TO PUBLIC SAFETY.

3D DRUG OR ALCOHOL INVOLVEMENT - THE RECORD INDICATES EXCESSIVE SUBSTANCE USE INVOLVEMENT.

5D ADJUSTMENT DURING PERIODS OF SUPERVISION - THE RECORD INDICATES UNSUCCESSFUL PERIODS OF SUPERVISION ON PREVIOUS PROBATION, PAROLE, OR MANDATORY SUPERVISION THAT RESULTED IN INCARCERATION, INCLUDING PAROLE-IN-ABSENTIA.[1]

Nonetheless, plaintiff's equal protection claim is currently barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim that attacking the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87.

The *Heck* bar applies to claims challenging parole decisions brought under section 1983. *McGrew v. Texas Board of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). The *Heck* bar will apply whether damages, declaratory relief, or injunctive relief is sought. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *see also Reger v. Walker*, 312 F. App'x 624, *1 (5th Cir. Feb. 26, 2009).

Plaintiff does not allege, and public online state court records do not show, that plaintiff's parole denial has been "reversed on direct appeal, expunged by executive order,

---

[1] https://inmate.tdcj.texas.gov/InmateSearch/reviewDetail.action?sid=05350447&tdcj=0077127&fullName=RAMIREZ%2CJOEL+GANDARIA (last visited Dec. 3, 2022, original capitalization).

4

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87. Consequently, plaintiff's section 1983 claims challenging the parole denial and seeking declaratory and injunctive relief are barred by *Heck*. Moreover, "[a] § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102–03 (5th Cir. 1996).

Plaintiff's equal protection claims against the Board are **DISMISSED WITH PREJUDICE** until such time as the *Heck* conditions are met.

C. The Doe Defendants

Plaintiff alleges that the Doe Defendants unlawfully voted to deny him parole because he was a Mexican citizen, in violation of his equal protection rights. His assertion raises no viable section 1983 claim for relief. "Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers." *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *see also Martinez v. Abbott*, 796 F. App'x 196, 2019 WL 6632821 (5th Cir., December 5, 2019) (same). "Most circuits now hold that parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole." *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995). In voting to deny plaintiff parole, the Doe Defendants were acting in their

5

adjudicative function, and are entitled to absolute immunity as to plaintiff's equal protection claim. *See id.* at 356–57.

Plaintiff's equal protection claim against the Doe Defendants is **DISMISSED WITH PREJUDICE** for failure to raise a viable claim for relief under section 1983 premised on absolute immunity.

### III. CONCLUSION

For the above reasons, this lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a colorable claim for relief under section 1983 and/or until such time as the *Heck* conditions are met. Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a 'strike" for purposes of 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on this the 7th day of December, 2022.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE